UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**BRAD GOLDSTEIN,**

    **Plaintiff,**

vs.                                             **CASE NO.:**

**SOUTH BAY MEDICAL CLINIC L.L.C.,**
**a Foreign Limited Liability Company, and**
**ANDREW RINEHART, Individually,**

    **Defendants.**
_____/

## COMPLAINT

Plaintiff, BRAD GOLDSTEIN, by and through his undersigned counsel, sues the Defendants, SOUTH BAY MEDICAL CLINIC L.L.C., a Foreign Limited Liability Company and ANDREW RINEHART, Individually, and alleges as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq.

2. Venue lies within United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

## PARTIES

3. Plaintiff, BRAD GOLDSTEIN, is a resident of Hillsborough County, Florida at all times material and worked for Defendant in this Judicial District during the applicable statute of limitations.

4. Defendant, SOUTH BAY MEDICAL CLINIC L.L.C., is a Foreign Limited Liability Company, authorized and doing business in this Judicial District.

5. At all times material hereto Defendant, ANDREW RINEHART, Individually, was an officer of the Defendant Corporation and had direct responsibility and control over the compensation paid to employees of the organization.

6. Defendants are an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s)(l)(A).

7. Plaintiff was an employee of Defendants pursuant to 29 U.S.C. § 203(e)(l), Defendants were Plaintiff's employer within the meaning of 29 U.S.C. § 203(d), and Defendants employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

## FACTUAL ALLEGATIONS

8. Plaintiff, BRAD GOLDSTEIN, was employed as a Healthcare Provider with Defendants from approximately December 2020 to November 8, 2022, providing consultation services to patients.

9. Defendants treated Plaintiff as an employee rather than an independent

contractor.

10. Defendants controlled the means and manner in which Plaintiff performed his work.

11. Defendants instructed Plaintiff when to arrive to work, where to work, the specific times that he had to work, and when he could leave work.

12. Defendants provided the tools necessary and utilized by Plaintiff to perform his work.

13. Defendants provided the customers/patients to Plaintiff upon whom he performed his job duties.

14. Defendants instructed Plaintiff on exactly how to pitch the therapy to their customers/patients.

15. Defendants supervised the manner in which Plaintiff performed his job duties.

16. Plaintiff did not have the ability to hire or fire any of the staff with whom he worked for Defendants, as this was done by Defendants.

17. Plaintiff was paid an hourly rate of $110.00 per hour.

18. Plaintiff worked an average of approximately 45 hours per week.

19. Plaintiff regularly worked in excess of 40 hours per work week.

20. Plaintiff received compensation by Defendants at a rate of time and one half his regular hourly rate for some of the hours he worked over 40 per week, but

not for all of the hours he worked over 40 per week.

21.     There were many weeks during which Plaintiff worked for Defendants, but he was not compensated at all.

22.     Plaintiff is owed approximately $30,000.00 in unpaid wages and overtime time.

23.     Plaintiff complained about not being paid his earned wages and overtime pay to Braden McCoy (Operations Director) and Alena Sazonova (Payroll Manager).

24.     Plaintiff also called Ms. Sazonova regarding his concerns in addition to calling and emailing Mr. McCoy, but Defendants have failed to pay him his earned wages and overtime compensation.

25.     On or about November 2, 2022, Braden McCoy (Operations Director) confirmed and agreed with Plaintiff that Plaintiff was owed earned wages and overtime pay.

26.     Mr. McCoy told Plaintiff that he would be receiving a check by the end of the week in addition to a document that the company would require Plaintiff to sign. Mr. McCoy also informed Plaintiff not to report to work until he signed the document.

27.     Plaintiff continued to follow up with Mr. McCoy on a regular basis as he had not received his earned wages, overtime pay or the document to sign which Mr.

McCoy had referenced.

28. Shortly thereafter, on or about November 8, 2022, Braden McCoy (Operations Director), told Plaintiff to "plan on no shifts unless you hear differently."

29. Defendants have not allowed Plaintiff to return to work, and they have ignored his demands for payment of the funds he is owed.

30. Defendants have effectively terminated Plaintiff's employment.

## COUNT I
## (FAIR LABOR STANDARD ACT - OVERTIME)

31. Plaintiff realleges paragraphs one (1) through thirty (30) as though set forth fully herein.

32. The employment of Plaintiff provided for a forty (40) hour work week, but throughout his respective employment Plaintiff was required to work and did work a substantial number of hours in excess of forty (40) hours per work week.

33. At all times material, Defendants failed to comply with 29 U.S.C. § 201 et seq., in that Plaintiff worked for Defendants in excess of the maximum hours provided by law, but Defendants failed to compensate Plaintiff at the rate of time and one-half his regular rate of pay for all the hours worked over forty (40) in a work week.

34. Defendants' failure to pay Plaintiff the required overtime pay was intentional and willful.

35. As a direct and legal consequence of Defendants' unlawful acts, Plaintiff

has suffered damages and has incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

**WHEREFORE**, Plaintiff, BRAD GOLDSTEIN, respectfully requests all legal and equitable relief allowed by law including judgment against Defendants, SOUTH BAY MEDICAL CLINIC L.L.C. and ANDREW RINEHART, Individually, for overtime compensation, liquidated damages, prejudgment interest; payment of reasonable attorneys' fees and costs incurred in the prosecution of this claim and equitable relief declaring and mandating the cessation of Defendants' unlawful pay policy and such other relief as the court may deem just and proper.

## COUNT II
### (UNPAID WAGES, SECTION 448.08, FLORIDA STATUTES)

36. Plaintiff, BRAD GOLDSTEIN, realleges paragraphs one (1) through thirty (30) as though set forth fully herein.

37. Plaintiff earned wages over the course of his employment, which remain unpaid by Defendants.

38. Defendants, despite Plaintiff's reasonable attempts to obtain payment of these earned monies, have failed and refused to make payments as required by Chapter 448.08, Florida Statutes.

39. Plaintiff has retained undersigned counsel and is obligated to pay them a reasonable fee for their services.

**WHEREFORE**, Plaintiff, BRAD GOLDSTEIN, demands judgment against

Defendant, SOUTH BAY MEDICAL CLINIC L.L.C. for back pay, interest, attorneys' fees and costs and for such other relief to which Plaintiff may be justly entitled.

## COUNT III
## (FAIR LABOR STANDARD ACT – RETALIATION)

40. Plaintiff, BRAD GOLDSTEIN, realleges paragraphs one (1) through thirty-nine (39) as though set forth fully herein.

41. Plaintiff was terminated in November of 2022 as a direct result of, and in retaliation for, his reporting and opposing the above-described unlawful conduct, including their Defendants' failure to pay Plaintiff his all of his earned compensation, including overtime compensation.

42. The above-described actions of Defendants constitute a violation of the Fair Labor Standard Act, 29 U.S.C. § 215.

43. As a result of the retaliatory actions of Defendants, Plaintiff has suffered damages, including lost wages, benefits, and other remuneration, emotional distress and humiliation. These losses are permanent or intermittent and will continue into the future.

44. As a result of Defendants' unlawful acts against Plaintiff, he has and will continue to incur attorney's fees and costs.

WHEREFORE, Plaintiff, BRAD GOLDSTEIN, demands a trial by jury against Defendants for compensatory damages, lost wages and benefits, prejudgment

interest, liquidated damages, attorney's fees and costs, and any other damages allowable by law.

## DEMAND FOR JURY TRIAL

45. Plaintiff requests a jury trial on all issues so triable.

Dated this 6th day of January, 2023.

                          */s/ Hunter A. Higdon*
                          **HUNTER A. HIGDON, ESQUIRE**
                          Florida Bar No.: 85963
                          hunter@fgbolaw.com
                          **WOLFGANG M. FLORIN, ESQUIRE**
                          Florida Bar No.: 907804
                          wolfgang@fgbolaw.com
                          **CHRISTOPHER D. GRAY, ESQUIRE**
                          Florida Bar No.: 902004
                          chris@fgbolaw.com
                          16524 Pointe Village Drive, Suite 100
                          Lutz, Florida 33558
                          Telephone No.: (727) 254-5255
                          Facsimile No.: (727) 483-7942

                          *Trial Attorneys for Plaintiff*